(No. 84-CV-004▮▮▮▮▮)

*In re* APPLICATION OF ANNE BECKER.

*Order filed October 30, 1984.*

ANNE BECKER, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on August 13, 1982. Anne Becker, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on July 15, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Anne Becker, age 28, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: assault. Ill. Rev. Stat. 1979, ch. 38, par. 12—1.

2. That on August 13, 1982, the Claimant was struck in the face by a bottle thrown at her while driving from a baseball game. The incident occurred at 3700 State Street, Chicago, Illinois. The Claimant was taken to Mercy Hospital for treatment of her injuries. The offender has not been apprehended.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That the Claimant incurred medical/hospital expenses in the amount of $995.44, all of which was paid by insurance, leaving no balance due.

5. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

6. That the Claimant has received no reimbursements that can be counted as applicable deductions.

7. That the Claimant has not suffered a pecuniary loss compensable under the Act.

8. That section 6.1(b) of the Act limits the right of compensation to persons who have suffered a pecuniary loss of $200.00 or more attributable to a violent crime resulting in the injury or death of the victim.

9. That this claim does not meet a required condition precedent for compensation under the Act.

10. That in the event that the Claimant suffers a pecuniary loss of over $200.00 as a result of this incident in the future, she may petition the Court to reopen her case pursuant to section 16 of the Act.

It is hereby ordered that this claim be, and is hereby denied.